1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARETHA B. BROWN,                    )
                                    )
                Plaintiff,          )        Case No. 2:14-cv-00991-MMD-GWF
                                    )
vs.                                 )        **ORDER**
                                    )
LUXOR HOTEL & CASINO, et al.,       )
                                    )        Application to Proceed *in Forma Pauperis*
                Defendant,          )        (#1) and Complaint (#1-1)
————————————————————————————————    )

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1), filed on June 19, 2014.

**BACKGROUND**

Plaintiff brings this action pursuant to Titles II and VII of the Civil Rights Act, alleging claims for public accommodations discrimination and unlawful employment practices based on race, religion, and gender. *See Dkt. #1-1* at pg. 1. Plaintiff alleges that as a guest and employee applicant of the Luxor, she was subjected to unwarranted security harassment and public humiliation. *See Dkt. #1-1* at pg. 1. Specifically she alleges that after purchasing a ticket for a show, Luxor security voided her ticket, removed her from the line by force, and later photographed her and banned her from the premises. *Id.* Ms. Brown indicated that she is multi-racial. *Id.* She stated that on prior visits to the LAX Nightclub, the Luxor and LAX security team repeatedly made offensive remarks and engaged in practices that were derogatory to her gender, religion, and race. *Id.* Plaintiff alleges that she reported the offensive and discriminatory conduct to Ric Bertoliccini, who she indicates is the Vice President of Security at the Luxor and Excalibur. *See Dkt. #1-1* at pg. 2. Mr. Bertoliccini allegedly failed to respond to Plaintiff's complaints and instead Ms. Brown

states that she was rendered unemployable at the Luxor Hotel and other affiliated hotel and casinos. *Id*. She plead that she filed complaints with the EEOC and the Nevada Department of Employment and Training pursuant to Title VII more than eighty days prior to instituting the present suit and was allegedly granted the right to sue. *Id*. Plaintiff requests the Court to grant a permanent injunction enjoining Defendant Luxor from engaging in harassment and unlawful employment practices based on gender, religion, and race discrimination. *Id*. She requests an order that Defendant make her whole by providing compensation for past and future pecuniary losses resulting from the public accommodations discrimination and unlawful employment practices. *Id*. at pg. 3. She also requests punitive damages for Defendant's malicious and reckless conduct. *Id*.

## DISCUSSION

### I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.   Screening of Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief  may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*,

2

404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff attached her Complaint (#1-1) to her Application to proceed *in forma pauperis* as required by 28 U.S.C. § 1915(a).  Plaintiff alleges claims for Title II Public Accommodation Discrimination and Title VII Employment Discrimination pursuant to the Civil Rights Act.

**A.    Public Accommodation Discrimination**

Federal law prohibits privately owned facilities that offer food, lodging, gasoline or entertainment to the public from discriminating on the basis of race, color, religion, or national origin. *See* 42 U.S.C. § 2000a.  A plaintiff establishes a prima facie case of Title II public accommodation discrimination by showing that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. *See United States v. Lansdowne Swim Club*, 894 F.2d 83, 88 (3d Cir. 1990).  Once a prima facie case is established, the burden of persuasion shifts to the Defendants to proffer a legitimate business reason for the conduct at issue. *See LaRoche v. Denny's, Inc.*, 62 F.Supp.2d 1366, 1370 (S.D.Fla. 1999).

Plaintiff failed to allege sufficient facts to state a claim for public accommodation discrimination.  Here, Plaintiff plead that she is multi-racial and was wrongfully denied entry to a show at the Luxor thereby establishing she is a member of a protected class, attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, and that she was denied those benefits.  Ms. Brown failed, however,  to plead facts that show she was treated less favorably than similarly situated persons who are not members of her protected class.   Plaintiff's

3

complaint therefore fails to state a claim upon which relief can be granted.  To proceed on her claim, Plaintiff must amend her complaint to allege facts that establish the fourth prong of a prima facie case for public accommodation discrimination.  For example, in *Slocumb v. Waffle House, Inc.*, an African-American family successfully showed that they were treated less favorably than similarly situated persons outside their protected class by pleading that a hostess seated and served several white families similarly situated to Plaintiffs prior to seating and serving Plaintiffs, despite their arriving to the restaurant first.  *See Slocumb v. Waffle House, Inc.*, 365 F.Supp 1332 (N.D. GA. 2005).

### B.      Employment Discrimination Claims

Under Title VII of the Civil Rights Act, it is unlawful for an employer to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e et seq.  Title VII allows persons to sue an employer for discrimination on the basis of race, age, color, religion, gender or national origin if he or she has exhausted both state and EEOC administrative procedures.  Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity.  *Id.*  If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff may sue in federal or state court.  *Id.*; *see also Yellow Freight Sys., Inc. v. Donerelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).

Here, Plaintiff states that she filed grievances with the EEOC and the Nevada Department of Employment and Training.  Plaintiff did not, however, attach the EEOC right-to-sue letter, nor did she indicate the date on which the right-to-sue letter was issued.  She does allege that the EEOC complaint was filed "[m]ore than 80 days prior to the institution of this law suit," however that does not establish that she timely filed the present case within 90 days from the date her right-to-

4

1    sue letter was issued pursuant to Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e et seq.

2    Plaintiff therefore failed to establish that she has exhausted her administrative remedies.

3         Furthermore, in order to prove a prima facie case of discrimination in violation of Title VII,

4    Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for the position;

5    (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in

6    her protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.

7    2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

8         Plaintiff failed to plead sufficient facts to state a claim for race, religion, and gender

9    employment discrimination.  Specifically, Plaintiff failed to allege that she was qualified for the

10   position she was seeking and that similarly situated applicants not in her protected class received

11   more favorable treatment in the hiring process.

12        Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.  The

13   Court will grant Plaintiff leave to amend her Complaint in accordance with the above discussion.

14   In the event Plaintiff elects to proceed in this matter by filing an amended complaint, she is

15   informed that the Court cannot refer to a prior pleading to make her amended complaint complete.

16   Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any

17   prior pleading.  This is because, as a general rule, an amended complaint supercedes the original

18   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended

19   complaint, as in an original complaint, each claim and the involvement of each defendant must be

20   sufficiently alleged.  Accordingly,

21        **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis

22   (#1) is **granted**.  Plaintiff shall not be required to pay the $400.00 filing fee.

23        **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

24   conclusion without the necessity of prepayment of any additional fees or costs or the giving of

25   security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the

26   issuance of subpoenas at government expense.

27        **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint

28   (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend in accordance with the discussion above.  Plaintiff shall have **thirty (30) days** from the date that this Order is entered to file an Amended Complaint, if she believes she can correct the noted deficiencies.  Failure to comply with this Order may result in the dismissal of this action.

DATED this 23rd day of June, 2014.


GEORGE FOLEY, JR.
United States Magistrate Judge