UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARETHA B. BROWN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LUXOR HOTEL & CASINO, et. al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:14-cv-00991-RFB-GWF<br><br>ORDER REGARDING REPORT AND RECOMMENDATION |

**I. INTRODUCTION**

Before this Court is the Report and Recommendation of the United States Magistrate Judge George Foley, Jr., ECF No. 4 ["Report"], recommending Plaintiff Aretha D. Brown's ("Plaintiff") Complaint, ECF No. 3, be dismissed with prejudice. For the reasons given below, the Report and Recommendation is rejected.

Plaintiff's motion also purports to be a "Motion to Stay." This portion of her motion is denied.

**II. BACKGROUND**

On June 19, 2014, Plaintiff filed in this Court a Complaint against Luxor Hotel & Casino ("Defendant") and an Application to Proceed *In Forma Pauperis*. In her Complaint, Plaintiff alleged employment and public accommodation discrimination. Compl. at 1.

On June 23, 2014, Magistrate Judge Foley granted Plaintiff's Application to Proceed *In Forma Pauperis*. Order at 2, 5, ECF No. 2 ["June Order"]. In the June Order, the Magistrate

1  Judge dismissed Plaintiff's Complaint "without prejudice for failure to state a claim upon which
2  relief can be granted, with leave to amend."  June Order at 6.  More specifically, Plaintiff's
3  Complaint failed to include sufficient facts to state a claim for either public accommodation
4  discrimination or race, religion, and gender employment discrimination.  June Order at 3, 5.
5  Plaintiff was given thirty days to correct these deficiencies with the order explicitly indicating
6  that failure to do so could result in dismissal of the action. June Order at 6.

On July 27, 2014, Magistrate Judge Foley, noting that Plaintiff had failed to file the required amended complaint, recommended the Complaint be dismissed with prejudice.  Report at 1. On July 31, 2014, Plaintiff filed an Objection to the Report and Recommendation.

### III. LEGAL STANDARD

A district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Parties have fourteen days to "file and serve specific written objections together with points and authorities in support thereof."  D. Nev. R. IB 3-2(a).  If a party timely objects to a magistrate judge's report and recommendation, then the court "shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  If a party fails to object, however, the court is not required to conduct any review at all.  Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. . . . Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### IV. DISCUSSION

Plaintiff filed her Objection on July 31, 2014 fewer than fourteen days after the Report and Recommendation was issued on July 25.  Plaintiff's objection is timely.

Plaintiff's Objection is styled as a motion "to object" and "to stay."  As Plaintiff is

1 proceeding *pro se*, the Court shall liberally construe her objection submission.  See Butler v.
2 Long, 752 F.3d 1177, 1180 (9th Cir. 2014).  The Court has reviewed the record *de novo*, since
3 Plaintiff timely objected to the R&R.

### A.  Plaintiff Has Failed to Plead a Claim

On June 23, 2014, Plaintiff's Complaint was dismissed with thirty days to correct several deficiencies.  Regarding public accommodation discrimination, the Magistrate Judge observed that Plaintiff had failed "to plead facts that show she was treated less favorably than similarly situated persons who are not members of her protected class," as was required.  June Order at 3.  The June Order instructed Plaintiff, "[t]o proceed on her claim, Plaintiff must amend her complaint to allege facts that establish the fourth prong of a prima facie case for public accommodation discrimination."  June Order at 4.

Similarly, regarding employment discrimination, the Magistrate Judge instructed Plaintiff to cure a few identified deficiencies.  Specifically, Plaintiff failed to establish that she had exhausted her administrative remedies and needed to include her right-to-sue letter from the Equal Employment Opportunity Commission ["EEOC"] or indicate the date on which the right-to-sue letter was issued to establish she had timely filed the current action.  June Order at 4–5.  The June Order also informed Plaintiff that she had failed to state a claim for employment discrimination because she had "failed to allege that she was qualified for the position she was seeking and that similarly situated applicants not in her protected class received more favorable treatment in the hiring process."  June Order at 5–12.

Plaintiff addressed none of these deficiencies by filing an amended complaint, as required by the June Order.  Rather, she indicates that she chose a different "option" and re-filed documents with the EEOC.

### B. Confusion Regarding Pending Administrative Processes

Plaintiff's acknowledgement of the "amendment option" in her Objection, however, bespeaks a fundamental misunderstanding about the judicial process that makes dismissal

inappropriate at this time.

Plaintiff indicates she has re-filed with the EEOC—per instructions of the Director of the EEOC Las Vegas office—and had (at the time of her Objection) a then-pending appointment with the EEOC set six weeks in the future. Objection at 1, 5, 6. In relation to the court order, Plaintiff describes this as "another option." Objection at 1. Plaintiff appears to be conflating the administrative process and judicial process. For a *pro se* litigant who is unfamiliar with these processes and is participating in overlapping government proceedings, this confusion is understandable. It appears that Plaintiff thought working with the EEOC and re-filing documents with that agency would satisfy the requirements of her participation in the judicial process. This is not so.

Given the Plaintiff's apparent misunderstanding of the process required for her case before this Court to proceed, the Court believes it would be appropriate to allow her one last opportunity to amend her Complaint before dismissing her case. The Court therefore rejects the Report and Recommendation in this case.

**C.  Motion to Stay**

Plaintiff has dual-titled her Objection as a "Motion to Object with Motion to Stay." Objection 1. However, Plaintiff does not elaborate on what process she is requesting be stayed. The Court will disregard this portion of her motion and deny her request to stay any part of this proceeding at this time.

**V.  CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is REJECTED.

IT IS FURTHERED ORDERED that Plaintiff shall have thirty days from the filing of this Order to file an amended complaint, if she believes she can correct the deficiencies noted here and in the June 23, 2014 Order. Failure to comply with this

1  Order *will* result in the dismissal of this action.
2         IT IS FURTHER ORDERED that, to the extent Plaintiff's Objection, ECF No. 5, is
3  meant as a Motion to Stay any part of these proceedings, that Motion to Stay is
4  DENIED.
5         DATED: January 23, 2015.

   _____
   RICHARD F. BOULWARE, II
   UNITED STATES DISTRICT JUDGE